MALCOLM WHITE et al., Respondents, *v.* GLOBE INDEMNITY COMPANY, Appellant.

First Department, November 8, 1962.

*Alexander Gangel* of counsel (*Michels, Gangel & Walton,* attorneys), for appellant.

*Abraham Engelman* of counsel (*Abraham Shamos* and *David Targ* with him on the brief; *David Targ* and *Guggenheimer & Untermyer,* attorneys), for respondents.

*Per Curiam.* Plaintiffs sue on a policy of liability insurance issued by defendant. While a question was raised, there is now no doubt that plaintiffs are assureds under the policy. It appears that during a labor dispute the individual plaintiff shot and killed one Dugan. The latter's estate brought suit in the United States courts against the present plaintiffs, basing its claim on assault. Plaintiffs in this action duly notified the defendant insurance company of the action and demanded that it defend the action. Defendant refused this request, basing its refusal on the fact that the policy excluded coverage for assault. Shortly thereafter the Dugan estate amended its complaint to add a cause of action which alleged the shooting was accidental and the consequence of negligence. Upon a further demand, defendant agreed to defend the action but gave notice that it did not concede liability to the assureds for any judgment that might be

rendered and denied liability. The basis of this contention was that the individual assured, who had meanwhile answered the Dugan complaint, had pleaded that the shooting was an act of self-defense. Thereupon the individual assured brought an action against defendant for a declaratory judgment defining his rights under the policy. In that action it was determined that the insurance company would be liable if the Dugan estate recovered on the theory of negligence and that the company was obligated to defend the Dugan action; but, as the defense would involve a conflict of interest, the assured would be entitled to select his own counsel.

Acting through their own counsel, the assureds settled the Dugan action in the Federal court for $27,500. In the settlement, the plaintiff in that action, the Dugan estate, withdrew its cause of action for assault and the settlement was on its face, in relation to the remaining cause of action for negligence.

Thereupon this action was instituted. The complaint contains three causes of action, the first for the corporate plaintiff's counsel fees in the Dugan action, the second for the individual plaintiff's counsel fees, and the third for the amount paid in settlement. To the third cause of action defendant pleaded, as a third separate defense, that the settlement was entered into contrary to the terms of the policy which prohibits a settlement by the assured. As a fourth separate defense it pleaded that the Dugan action was in fact one for assault and that the settlement was in violation of defendant's rights and without notice to it. As a fifth defense it pleaded that the act of the individual plaintiff was not in the course of his duties when the assault was committed.

Special Term struck out the affirmative defenses and awarded judgment on the pleadings, ordering a trial to determine the reasonable value of the counsel fees, and, as regards the settlement, leaving only the question of whether it was in fact paid. Defendant does not appeal from so much of the order as concerns the adjudication, including the striking of defenses, as relates to counsel fees. The remaining questions concern defendant's liability for the amount paid in settlement. Special Term reached the conclusion that the prior decision in the declaratory judgment action, the settlement of the Dugan action on the basis of the claim of negligence only and the failure of the answer to raise any question of the reasonableness of the settlement as to amount, left no question in the case other than those set down for trial.

We do not agree that the action of the parties in the settlement of the case, that is, their agreement to withdraw the claim for

assault and settle the claim for negligence, binds this defendant or establishes the fact that recovery was had on this theory.

Where an insurer is liable under a certain theory but not under another, its liability cannot be determined in advance of the trial of the main action (*Prashker* v. *United States Guar. Co.* (1 N Y 2d 584). Satisfaction of the claim by settlement does not establish the theory under which the plaintiff could have recovered (*Employers Mut. Liab. Ins. Co.* v. *Di Cesare & Monaco Concrete Constr. Corp.*, 9 A D 2d 379). Nor does the agreement of the parties in the settlement, even though supported by an order of the court, add anything in that respect. The insurer, not being a party, is not bound.

The defenses that were stricken fairly raise these issues. So much of the order as strikes them and awards judgment on the third cause of action should be reversed on the law, with costs to appellant.

RABIN, J. P., VALENTE, EAGER, STEUER and BERGAN, JJ., concur.

So much of the order, entered on May 28, 1962, as strikes defendant's affirmative defenses and awards judgment on the third cause of action unanimously reversed on the law, with $20 costs and disbursements to appellant. Settle order on notice.